## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### April 20, 1922.

## THE PEOPLE v. ROBERT McCORD.

(201 App. Div. 63.)

GRAND LARCENY, SECOND DEGREE—CONVERSION OF MONEY BY ATTORNEY—
GUILT NOT ESTABLISHED BEYOND REASONABLE DOUBT—NEW TRIAL GRANTED
IN INTERESTS OF JUSTICE.

   On a prosecution for grand larceny in the second degree against an
attorney based on his failure to return to the owner certain money
intrusted to his care for investment, the guilt of the defendant was not
established beyond a reasonable doubt and so the judgment of conviction
is reversed and a new trial granted in the interests of justice.

APPEAL by the defendant, Robert McCord, from a judgment
of the County Court of the county of Westchester, rendered on
the 6th day of December, 1921, convicting him of the crime of
grand larceny in the second degree, and also from an order
entered on the same day denying the defendant's motion for a
new trial made upon the minutes.

*John J. Hughes,* for the appellant.

*Frederick E. Weeks, District Attorney* (*Arthur Rowland,
Assistant District Attorney,* with him on the brief), for the
respondent.

RICH, J.:

   The defendant, who is a lawyer, had been the counsel for
complainant's father in his lifetime, and upon his death he
settled the estate. A short time afterwards, and about Sep-
tember, 1904, complainant handed to the defendant $2,000
with the request that he invest it for her. He thereupon loaned

this money to the Hebrew congregation of Peekskill upon a bond and mortgage, the principal of which was paid to defendant in seven payments, the first payment of $200 being made December 1, 1911, and the last one January 25, 1918. He was convicted of having converted the last of these several payments to his own use. The $200 with the interest, which the defendant received, was paid to the complainant without any delay. The other moneys, including the last payment, as they were paid to him were loaned to Dora and Morris Salkin upon their several promissory notes, and upon the completion of each transaction the note which defendant indorsed was placed in a safe containing complainant's papers.

The Salkins were financially responsible. The complainant never saw the bond and mortgage, never had any communication with the makers thereof, and, so far as the evidence discloses, did not know how the $2,000 was invested, except that defendant in two communications to her mentioned a church mortgage. She was informed, however, that her mortgage had been paid, and demanded the synagogue mortgage of defendant. It was impossible to deliver this, but defendant did immediately deliver to her a bond and mortgage upon which there was unpaid of principal $1,800, which was a first lien upon property worth $21,000.

There is only one point in controversy. Upon this we have the evidence of the complainant on the one side, and the defendant upon the other. It relates to a conversation between the complainant and the defendant at the time of the payment of the $200 to her. The defendant says in substance that complainant told him that she did not want to be bothered with small payments; that she wanted her money kept invested and wanted the interest upon it. This is what she said to him at the time of the delivery of the $2,000 for investment in 1904. Defendant says that he loaned the money from time to time as it was received by him and kept it invested in accordance

with the wish expressed by complainant, and that the interest was paid to her promptly. There is no doubt but what he loaned this money to responsible persons, just as he said he did. There is evidence, and this may be considered as an ear-mark only, that the mortgage taken in 1904 was due in 1907 and plaintiff never concerned herself about it by inquiry as to payment.

The complainant, while she is hazy as to what took place at the time the $200 was paid to her, is positive that she did not request the defendant to keep the money invested. It seems to me, in view of what had taken place between these parties before, that it is reasonable to believe the defendant's story, and in this connection it is worthy of note that reputable citizens were called who testified to defendant's high character and standing in the community, which the learned district attorney does not dispute. In view of the character of defendant and of the fact that the complainant's money was at all times invested in valid collectible securities, I am of the opinion that the People have failed to establish the guilt of the defendant beyond a reasonable doubt.

The judgment of conviction should, therefore, be reversed and a new trial granted in the interests of justice.

BLACKMAR, P. J., JAYCOX, MANNING and KELBY, JJ., concur.

Judgment of conviction of the County Court of Westchester county reversed, and a new trial granted in the interests of justice.